IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:18-CR-34-FL-1
NO. 4:20-CV-156-FL

| | |
|---|---|
| KEVIN EARL ELROD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 53) and respondent's motion to dismiss (DE 63). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R") (DE 73), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses petitioner's § 2255 motion, and grants respondent's motion.

## BACKGROUND

Petitioner pleaded guilty on March 13, 2019, pursuant to a written plea agreement, to Hobbs Act Robbery (count one) and brandishing a firearm in furtherance of a crime of violence (count two). The court sentenced petitioner, on June 20, 2019, to a term of imprisonment of 197 months. Petitioner appealed and the court of appeals dismissed the appeal on the basis of an appeal waiver in petitioner's plea agreement, on March 12, 2020.

Petitioner filed the instant motion to vacate on August 14, 2020, claiming that his conviction for brandishing a weapon during a crime of violence was unlawful because his Hobbs Act Robbery offense was not a qualifying crime of violence. Petitioner filed several motions to amend, which the magistrate judge granted. (DE 73 at 3). The government filed the instant motion to dismiss on October 28, 2020, arguing that petitioner's claim is barred by the waiver in his plea agreement and lacks merit. In M&R entered January 25, 2021, the magistrate judge recommends dismissal of the petition on the basis that petitioner's claim is barred by the waiver in his plea agreement. Petitioner filed objections to the M&R on February 12, 2021.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and

2

the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The magistrate judge cogently addressed the ground for dismissal of the instant petition on the basis of appeal waiver. Upon de novo review of the claim asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R.

In addition, the court holds that petitioner's claims must be dismissed because they fail as a matter of law. The United States Court of Appeals for the Fourth Circuit has determined that Hobbs Act Robbery categorically qualifies as a crime of violence for purposes of a conviction under 18 U.S.C. § 924(c), which is a determination made without reference to the manner in which petitioner alleges he committed the offense in this case. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Accordingly, the court grants the government's motion to dismiss on this additional basis.[1]

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they

---

[1] In addition, to the extent petitioner moves within his objections to amend his petition to add a claim of ineffective assistance of counsel, the court denies such motion as futile, where there is not a reasonable probability of a different result in light of the Fourth Circuit's holding in Mathis. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

are adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 73). Petitioner's motion to vacate, set aside, or correct his sentence (DE 53) is DISMISSED, and respondent's motion to dismiss (DE 63) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 13th day of April, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

4

Case 4:18-cr-00034-FL   Document 77   Filed 04/14/21   Page 4 of 4